UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUZANA GONCALVES o/b/o
C.A.,

              Plaintiff,          5:12-cv-1073
                                              (GLS/DEP)
              v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,[1]

              **Defendant.**
_____

## SUMMARY ORDER

On January 24, 2013, the parties stipulated to remand pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. No. 15.) Consistent with that stipulation, the court ordered remand. (Dkt. No. 16.) Not long after, plaintiff Suzana Goncalves,[2] on behalf of C.A., filed the instant motion for attorney's fees and costs, pursuant to the Equal Access to Justice Act

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

[2] The court notes a discrepancy in the spelling of plaintiff's surname. (*Compare* Compl., Dkt. No. 1, *with* Am. Compl., Dkt. No. 6.) Consistent with the amended complaint and her affidavit, the court refers to her throughout as Goncalves. (Am. Compl.; Dkt. No. 18, Attach. 2.)

(EAJA),[3] in the amount of $8,091.70, made payable directly to her attorney. (Dkt. No. 18.) The Commissioner concedes that Goncalves is entitled to fees and costs, but contends that the number of hours purportedly expended—42.7—is excessive and should be reduced. (Dkt. No. 19 at 2-6.)

In particular, the Commissioner contends that a reduction in Goncalves' fee request is warranted because, among other reasons: (1) the administrative record contained "fewer than [sixty] pages of relevant medical and educational records"; (2) counsel, who also represented Goncalves at the administrative level, was already familiar with the underlying record; (3) "this case did not present any particularly complex, novel, or unusual legal, factual, or procedural issues"; (4) counsel for Goncalves has "extensive experience litigating social security disability cases"; (5) clerical tasks were "lumped in" with attorney services; and (6) the motion seeking fees "is largely boilerplate [and] can be copied and pasted from prior motions." (*Id.*)[4] The court agrees that a reduction is

---

[3] *See* 28 U.S.C. § 2412.

[4] While Goncalves offers an explanation as to certain portions of the requested fee, she fails to address all of the Commissioner's arguments. (Dkt. No. 20.)

2

warranted.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Specifically, the EAJA allows for "reasonable attorney fees."[5] *Id*. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Manning v. Astrue*, No. 5:09-CV-88, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011) (internal quotation marks and citation omitted). While a court retains discretion as to whether the amount of time expended by an attorney is reasonable, "[d]istrict courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine

---

[5] Section 2412(d)(2)(A) dictates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." The rates adduced by Goncalves, which have been adjusted based on the Consumer Price Index to account for a cost-of-living increase, (Dkt. No. 18, Attach. 1 ¶ 6), are unopposed by the Commissioner, (*see generally* Dkt. No. 19), and are reasonable.

3

social security cases." *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009).

Here, Goncalves seeks a total of $8,091.70, which is comprised of $8,022.05 in attorney's fees, $56 in administrative fees, and $13.65 in costs. (Dkt. No. 18 at 1.) The calculation of attorney's fees is based on a total of 42.7 hours worked at a rate of $187.87. (*Id.*)[6] For the reasons offered by the Commissioner, which are set forth in detail above, the generally accepted twenty-to-forty hour range appears sufficient, and the number of hours for which Goncalves is entitled to receive attorney's fees is reduced to forty. Accordingly, Goncalves is entitled to a total award of $7,584.45, which is comprised of $56 in administrative fees, $13.65 in costs, and $7,514.80 in attorney's fees.

Goncalves assigned her interest in attorney's fees and costs, and requests that they be paid directly to her attorney. (Dkt. No. 18, Attach. 2 ¶ 5.) "The fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not," however, "establish that the statute 'awards' the fees directly to the

---

[6] Goncalves further seeks an additional $375.74 for two hours of work expended completing the reply papers relating to the instant motion. (Dkt. No. 20 at 7.)

attorney." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Instead, the EAJA "'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* Accordingly, consistent with the application of *Ratliff* within this Circuit, "'the name on the check must be plaintiff's and not her attorney's.'" *Manning*, 2011 WL 6842617, at *2 (quoting *Scott v. Astrue*, No. 08-CV-910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011)).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that Goncalves' motion for attorney's fees and costs (Dkt. No. 18) is **GRANTED**, but the award is reduced to $7,584.45, which is comprised of $56 in administrative fees, $13.65 in costs, and $7,514.80 in attorney's fees; and it is further

**ORDERED** that the award be made payable directly to Goncalves, not her attorney; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 14, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court